IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,550-01






EX PARTE DAVID JOHN JOHNSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 6666 IN THE 21ST DISTRICT COURT


FROM LEE COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of engaging in
organized criminal activity and sentenced to five years' imprisonment. 

 Applicant contends that his sentence has been extended illegally by the Parole Board. It
appears that he may have been denied credit for time spent released on supervised release prior to
revocation. Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Spann, 132
S.W.3d 390 (Tex. Crim. App. 2004). In these circumstances, additional facts are needed. As we held
in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact.

 The trial court shall order the Texas Department of Criminal Justice's Office of the General
Counsel to file an affidavit listing Applicant's sentence begin date and the dates of issuance of any
parole-revocation warrants leading to the revocation of such parole or mandatory supervision. The
affidavit should state whether Applicant is serving a sentence for, or has previously been convicted
of, an offense which was listed in Tex. Gov't Code § 508.149(a) at the time of Applicant's
revocation. The affidavit should also address how much time was remaining on this sentence on the
date that Applicant was released on supervision, and how much time Applicant spent on release
before the issuance of the parole-revocation warrant. The affidavit should state whether or not
Applicant is receiving credit for any of the time spent on supervised release.

 The trial court may also order depositions, interrogatories or a hearing. If the trial court elects
to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant
at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings of fact and conclusions of law as to whether Applicant
has properly exhausted his administrative remedies as required by Tex. Gov't Code § 501.0081(b)-(c). The trial court shall then make findings and conclusions as to whether Applicant is eligible to
earn street time credit, and if so, whether he is entitled to credit for his time spent on release. The
trial court shall also make findings and conclusions as to whether Applicant is receiving the proper
amount of time credit for his sentence. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 30 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 60 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: June 20, 2012

Do not publish